The
Chief Justice
delivered the opinion of the cowl.
Judgment by default against the casual ejector, for want of appearance having been rendered, the counsel of the corporation, who are alleged to be tenants in possession, has moved to set it aside, for several reasons 1. Because the service of ono of the declarations was not made by a competent person. 2. Because the service of the other declaration, as shewn by the affidavit, was not made on a proper person, nor in a full and complete manner.’ 3. Because a corporate body is not liable to an action of ejectment; and 4. Because if liable, the service of the declaration having been made oat of the ordinary manner, the rendition of judgment was irregular, anti! the court on tt rule to shew cause had sanction,ed the particular mtode of ser- - vice.
1. One copy of the declaration was served by the lessor of die plaintiff himself, which, it is insisted, should have been dono . by an indifferent person.
The practical books will be found, on examination, to furnish no distinct, express rule on this head j nor am I aware of any direct adjudication, either hi the English reports or those of the state of isew-lfork<, she lattes of which wo are accustomed 20 *238 frequently to consult, as well from their intrinsic merit, as be.cause the practice of that state is more similar than that of either l^e ot^er states t0 our own> and to the common source from which both were drawn. In this court, of late years, the declaration has been in most instances served by the sheriff of the county, and such is the preferable mode ; in many instances, by an indifferent person ; and in some, by the lessor of the plaintiff himself. Prior to the period just mentioned, an examination of our fifes shews that the service by the lessor himself, was very common. In the practice of James Kinsey, Elisha Roudinot, Richard Stockton and Samuel Leake, and especially of the latter, it is repeatedly found. Such names cannot, it is true, sanction error, but will go very far to prove that error does not exist. It is probable some ancient decision of the court, of which we have no printed report, but the effect of which may be traced in the practice of that day, had sanctioned this mode of service. If so, no decision or statute or rule of court has since abrogated it. While then we deem the mode of service by an officer or an indifferent person the most eligible, and are inclined rather to discountenance aDy other, we are not. at liberty to condemn a service by the lessor himself, which has to sustain it very numerous precedents, justly amounting to a course of practice; and the more especially as the present is a question of practice rather than principle ; and as the manner of service must always be distinctly shewn by affidavit to be placed on file; and as great liberality is exercised in opening judgments by default in ejectment and admitting the tenant to defend the posession.
2. The second objection finds its support in the affidavit endorsed on the declaration, by which it appears that a copy was served “ upon Peter D. Vroom, said to be one of the directors of the within named company, by delivering a copy of the same to him personally at his office,” in the county of Somerset. This affidavit is defective in two particulars. The expression “ said to be,” is more equivocal than the strictness required by the rules of practice will allow. It may peradventure mean, as alleged by the plaintiff’s counsel, “ commonly reputed to be,” but it may equally well be true, if some one, utterly uninformed of the fact, had said to the person about to make the service that Peter D. Vroom was a director of the company. Moreover, the mere delivery of a copy is not a sufficient service. The notice subioined *239 Zo the declaration must be read or its contents explained to the person to whom it is delivered, or such person must be informed of the intent and meaning of the service; and that it has been so done should be stated in the affidavit. Adams, 209, 217, 219; 2 Arch. Pr. 44; 2 Sel. Pr. 168; 2 Dunlap's Pr. 1008, 1014. The service of the declaration therefore, so far as it depends 00 this affidavits is insufficient.
3. The third objection is, that an action of ejectment will not lie against a corporation : — -and to support it, an appeal is mado to the ancient doctrine, that a corporate body is not amenable isa the action of trespass. Kyd, in his treatise on corporations, says, 55 the modern method of trying the title of land by ejectment extends to corporations of every kind, whether in the character of plaintiffs or defendants,” 1 Kyd 187. It is not necessary however at this stage of the suit to examine this question. The present defendant in the declaration is Richard Fen, the casuaS ejector.- Whether the corporation will become a party, rests in their option and requires their voluntary act. If the company are not in possession of the premises in question, and of that fact we may presume their agents to be well informed, a judgment by default, and an execution upon it, can dispossess them of nothing 5 and if they think proper to appear, the plaintiff can not sustain his action, for he will be required to prove on the trial, what in such case he cannot do, that they are in possession. If on the contrary, the company are actually in possession of the premises which the lessor of the plaintiff claims, there seems to be little, if any, reason to excuse them from defending it on the terms common to all other owners of real estate. It is however premature to decide whether an action of ejectment will lie; and the more especially as the appearance, even voluntary, of the company, will deprive them of no ground of defence, of which they ought justly and rightfully to be permitted to avail themselves.
4. The fourth objection is, that the judgment was irregular, without a previous sanction of the mode of service by a rule to shew cause.
From all the books of practice, there appear to be two methods of proceeding, one called regular or ordinary, when the declaration is served on the tenant himself, or on his wife or soma person of his family on the premises, by delivering a copy and *240 reading or otherwise explaining the notice; and the other, called irregular or extraordinary, when the former method is not practicable. When circumstances compel a resort to the latter procedure, the sanction of the court before judgment by default cam be rendered is to be obtained, by a rule on the tenant in posses» sion to shew cause why the mode of service shall not be deemed good service ; and this rule to shew cause is itself to be served in such manner as the court shall direct. Adams 216; 2 Arch. Pr. 44; 2 Sell. P. 172; Impey Pr. K. B. 414; 2 Dunl. Pr. 1013; 2 Burr. 1176, 1181, In the present case, copies of the declaration were delivered, in the city of New-York, to the president and secretary of the company. The service of process, or of the declaration on ejectment, which is in the nature of process, out of the jurisdiction of the court, and without the state, can by no means be deraed a regular, ordinary service, and can only be warranted by the direct interposition of the court, when circumstances may render it necessary. The possession of the company by shifting agents or casual labourers, the residence and continued absence out of the state of the president and secretary, these and other circumstances may render it proper that the court should sanction and hold good a mode of ser« vice affording all substantial benefits to the company, but differing from the ordinary and unattainable method. According then to the established practice, a rule to shew cause should have preceded this judgment by default. If it be suggested that this judgment ought to stand because the affidavit must have bee a previously read and submitted to the court, it will be recollected that agreeably to directions given by the court some years since, the rule on the tenant to appear is most usually made, and was probably so done in the present case, by an entry, as of course, on the minutes, without making a motion or reading the papers in open court. And moreover, this rule like most others, when the adverse party is not heard, is always taken at the peril- of the plaintiff. ,
On this fourth objection, the judgment by default should be set aside.